(June 9, 1899.)

CROCHERON v. SHEA ET AL., AS BOARD OF COUNTY COM-
MISSIONERS.

[57 Pac. 707.]

FINDING WARRANT INDEBTEDNESS—VALIDITY OF BONDS — CONSTITU-
TIONAL LAW—VALIDATING ACT.—A board of county commissioners proceeded under the provisions of the act of March 8, 1895, to fund outstanding warrant indebtedness of the county, submitting the question to the electors at an election called for the purpose, at which election more than two-thirds of the electors voted in favor of issuing the proposed bonds; after due notice, bids were received, and one bid for the entire issue was accepted, the bonds duly engraved and signed ready for delivery when an agreed case was submitted to the district court for the purpose of determining the validity of the proposed bonds, the principal contention being that said act of March 8, 1895, was void; 1. Because not constitutionally passed; 2. Because the subject thereof was not expressed in the title. *Held,* that the legislature having re-

enacted the act of March 8, 1895, and passed an act validating all bonds theretofore issued under said act, that the court will not inquire into or determine the validity of said act as originally passed, as such question is immaterial to the validity of the proposed bonds.

(Syllabus by the court.)

APPEAL from District-Court, Owyhee County.

S. H. Hays and Kingsbury & Parsons, for Appellant.

We have never heard the subject matter of the act of 1895 questioned as to any of its provisions. This act provides two methods of issuance of bonds. Which method is to be pursued depends, not wholly on mind of board of county commissioners, but depends rather on what use, effect and object is to be accomplished with the bonds. If their issuance is to increase or to create any indebtedness of the county, then, under article 8, section 3, of our constitution, this question must be submitted to a vote of the people. But if, on the other hand, their issuance is not to create nor to increase any indebtedness, then said provision of the constitution has no application. It is conceded that either a sale of the bonds for cash, or the giving of a valid negotiable obligation for an invalid non-negotiable claim, would be the creation and increasing of the indebtedness of the county and comes under the provisions of section 3, article 8 of constitution. On the other hand, an exchange of one form of indebtedness for another drawing less interest does not create any indebtedness and its effect is to decrease the liability. The statute says such an exchange may be made when the county's interest requires and "without vote of the people." In short, the statutes assumes that the board may be by the legislature empowered to decrease the county's liability by an exchange of form of evidence of indebtedness and lowering rate of interest without violating any provision of constitution relating to increase or creation of indebtedness. This would seem to be a self-evident proposition. This statute of 1895 seems to have been drawn by one familiar with the case of *Doon Tp. v. Cummins,* 142 U. S. 366, 12 Sup. Ct. Rep. 220. (*Aetna Life Ins. Co. v. Lyon Co.,* 82 Fed. 933; *Board of Commrs. v. Standley,* 24 Colo. 1, 49 Pac. 26; *Hotchkiss v. Marion,* 12 Mont. 218, 29 Pac. 821.)

Certainly we do not need to cite authorities to the point that proceedings under an act, valid as to its provisions, and questioned only as to method of passage, can be validated by subsequent legislation. We herewith quote in full the validating act of 1899: "Section 1. All bonds heretofore duly issued under, in pursuance or by virtue of, and in accordance with, the provisions of any act of the first, second, third or fourth sessions of the legislature of the state of Idaho, are hereby declared to be good, valid and binding obligations, any question as to the manner of the passage of any such act or acts notwithstanding; and their validity shall not be questioned in any court." Approved March 6, 1899. We refer to but one authority, as we find none *contra.* (Cooley's Constitutional Limitations, 6th ed., 466.)

J. G. Watts, for Respondent, files no brief.

QUARLES, J.—On October 26, 1897, an agreed case, without action, under the statute, was filed in the court below, in which statement is contained a transcript of House and Senate journals of the legislature relating to the passage of that certain act of March 8, 1895, entitled "An act to amend chapter 6 of title 13 of the Revised Statutes of Idaho," and a statement of various steps taken by the defendants, who constitute the board of county commissioners of Owyhee county, in their efforts to fund $61,000 of outstanding warrant indebtedness of said county; and attached to said statement as exhibit "A," made a part thereof, is a transcript of the records of said board of county commissioners relating to the matter in question. The points submitted to the court for decision we quote from the agreed case, as follows, to wit: "1. Can the court go behind the enrolled bill, and to the journal of the two houses of the legislature, when inquiring into the question as to whether or not the constitutional requirements were complied with in the passage of a legislative enactment, and for the purpose of passing upon the validity of the bill? 2. If the court can go to the journals of the legislature, and behind the properly enrolled bill, is the act in question void by reason of the failure of the journals and records of the legislature to show a compliance with the requirements of the constitution of the state of Idaho in the passage of the bill

when the same was under consideration? 3. Is said act of the legislative assembly approved March 8, 1895, a valid act, and existing statute of law of this state? 4. If said act of the legislature approved March 8, 1895, is not a valid act and existing statute of law of this state, have said board of county commissioners, by their proceedings as shown in exhibit A complied with any existing and valid law of the state of Idaho authorizing the issuance of said bonds, and can said board deliver said bonds to a purchaser as valid and existing obligations of said county of Owyhee?" The trial court held said act of March 8, 1895, void, because not passed in the manner required by the constitution, and rendered judgment enjoining the defendants, as county commissioners, from delivering the proposed bonds to the bidder therefor whose bid had been accepted. From said judgment the defendants appealed to this court.

It appears from the record that all of the steps required by the said act of March 8, 1895, in order to fund the outstanding indebtedness sought to be funded were taken by the defendants. But the facts as to the time and manner of creating said indebtedness do not appear in the record; consequently, the validity of the original indebtedness sought to be funded is not in question, and is not decided in this case. During the pendency of this appeal the legislature has, by act approved February 7, 1899, re-enacted the said act of March 8, 1895, with a sufficient title, viz., "An act providing for the issuance of negotiable coupon bonds for the funding and refunding of county indebtedness: amending chapter 6, title 13, Revised Statutes of Idaho." (See Acts 1899, p. 136.) And by act approved March 6, 1899 (Acts 1899, p. 368), it is provided that all bonds theretofore issued under the said act of March 8, 1895, are and shall be held valid, notwithstanding the manner of the passage of said act. The legislature had authority to pass said validating act. The re-enactment of the act of March 8, 1895, and the enactment of said validating act, renders it immaterial whether the act of March 8, 1895, was originally valid or not, and for that reason we decline to pass upon the constitutionality of the passage of said act, or the sufficiency of the title as originally passed. All that we do decide is that the defendants took those steps required by

the statute to fund the indebtedness in question, and no good reason is shown in the record why the said proposed bonds should not be delivered to the purchaser thereof. The judgment appealed from is reversed, without costs to either party, and the cause remanded, with instructions to the district court to dismiss the case.

Huston, C. J., and Sullivan, J., concur.